# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIMITRITZA H. TOROMANOVA, | Case No.: 2:19-cv-01575-APG |
| Appellant | **Order Granting (1) Wilmington's Motion to Dismiss and (2) Affirming Bankruptcy Court** |
| v. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, *et al.*, | [ECF Nos. 1, 35] |
| Appellees | |

Pro se appellant Dimitritza Toromanova appeals Bankruptcy Judge August Landis's orders (1) granting appellee Wilmington Savings Fund Society, FSB relief from the automatic stay on Toromanova's property at 8160 Finch Feather Street in Las Vegas and (2) granting appellee U.S. Bank National Association retroactive relief from the automatic stay on Toromanova's property at 1708 Cordoba Lane in Las Vegas.[1]  Toromanova argues that Judge Landis improperly considered hearsay evidence and otherwise abused his discretion in granting the relief.  Wilmington moves to dismiss the appeal, arguing that I have no jurisdiction because the appeal is mooted by the sale of the 8160 Finch Feather Street property.  I agree Toromanova's appeal is moot insofar as it implicates that property.  And I affirm Judge Landis's orders relating to U.S. Bank's interest in the 1708 Cordoba Lane property because Toromanova did not object below to U.S. Bank's use of alleged hearsay and Judge Landis did not abuse his discretion in granting retroactive relief from the automatic stay.

---

[1] Toromanova appeals Judge Landis's order denying her relief from his order granting U.S. Bank retroactive relief from the automatic stay, but her brief addresses the order granting U.S. Bank relief from the automatic stay. ECF Nos. 13; 22-2 at 226-27.  I do not draw a distinction between Judge Landis's orders.

# I.   BACKGROUND

Toromanova filed the bankruptcy petition underlying this appeal under 11 U.S.C. Chapter 13 on August 27, 2018. ECF No. 22-2 at 1-11.  The petition was her fourth since 2010. *Id.* at 3. Two of the prior petitions were dismissed for failure to file information, as was the petition underlying this suit. *Id.* at 12-13, 145-46.  Under the Bankruptcy Code, the filing of a voluntary bankruptcy petition triggers an automatic stay of acts against property belonging to the estate "until such property is no longer part of the estate." 11 U.S.C. §§ 362(a), (c)(1).  In a hearing on U.S. Bank's motion for retroactive relief from the stay on 1708 Cordoba Lane, Toromanova conceded that she filed the two prior petitions "to stall or stay foreclosure cases." *Id.* at 146.

## A.  U.S. Bank and 1708 Cordoba Lane

In 2003, Toromanova executed (1) a deed of trust secured by the property at 1708 Cordoba Lane and (2) a note that is presently endorsed in blank. *Id.* at 34-56, 58-62.  Following several other assignments, Nationstar Mortgage, LLC assigned its interest in the deed of trust to U.S. Bank, in its capacity as trustee for the RMAC Trust, Series 2016-CTT. *Id.* at 64-65, 67-68, 70-71, 73-74, 88-89.  A notice of default and a foreclosure mediation program certificate were recorded in 2017 and 2018, respectively. *Id.* at 76-83, 85-86.  Later, a notice of trustee's sale was recorded setting a public auction for the property for August 27th, 2018 at 10:00 a.m.. *Id.* at 91-93.  Toromanova filed the underlying bankruptcy petition that same day at 9:15 a.m. *Id.* at 1. The sale proceeded and U.S. Bank purchased the property. *Id.* at 29.  Bankruptcy Judge Laurel Babero dismissed Toromanova's petition for failure to file information on October 12, 2018. *Id.* at 12.

Less than a month later, U.S. Bank moved to reopen the bankruptcy case to allow it to move for retroactive relief from the automatic stay. *Id.* at 258.  Judge Landis reopened the case

and granted U.S. Bank's motion for retroactive relief. *Id.* at 106-07.  Toromanova moved for

relief from the order, but Judge Landis denied her motion. *Id.* at 226-27, 262, 268.  Toromanova

now appeals that order. ECF No. 4.

### B.  Wilmington and 8160 Finch Feather Street

In 2004, Toromanova executed (1) a deed of trust secured by the property at 8160 Finch

Feather Street and (2) a note that is presently endorsed in blank. ECF No. 18-1 at 30-47.

Following several other assignments, MTGLQ Investors, L.P. assigned its interest in the deed of

trust to Wilmington, in its capacity as trustee of Matawin Ventures Trust Series 2018-3. *Id.* at

100-107.  By July 2019, Toromanova had missed 10 payments after filing her bankruptcy

petition, so Wilmington moved for relief from the automatic stay to enforce its rights with

respect to the property. *Id.* at 76-79.  After a hearing, Judge Landis granted Wilmington's

motion. *Id.* at 118-120, 126-150.  Toromanova now appeals that order. ECF No. 1.

After Toromanova filed this appeal, a notice of trustee's sale was recorded on January 16,

2020 setting a public auction for the property for February 18, 2020. ECF No. 35-1 at 17.

Toromanova filed another bankruptcy petition on February 17, 2020. *Id.* at 25.  The sale

proceeded, and the property was sold at auction. *Id.* at 27-28.  Judge Landis granted

Wilmington's motion for relief from the automatic stay in Toromanova's new bankruptcy case,

and Toromanova did not appeal. *Id.* at 30-33.

## II.    DISCUSSION

### A.  Wilmington's Motion to Dismiss [ECF No. 35]

Wilmington argues that the appeal is moot because Judge Landis granted Wilmington

relief from the automatic stay to sell the property at 8160 Finch Feather Street, the property was

then sold, and Toromanova failed to appeal.  Toromanova responds by asserting that the court

1  has exclusive jurisdiction over real property and attaching an affidavit from a private investigator

2  regarding purported irregularities with the deed of trust and note.

3      I have jurisdiction over appeals from bankruptcy courts. 28 U.S.C. § 158(a).  However, I

4  do not have jurisdiction over moot appeals, and I must dismiss them. *I.R.S. v. Pattullo (In re*

5  *Pattullo)*, 271 F.3d 898, 901 (9th Cir. 2001).  A case is moot "[i]f an event occurs while a case is

6  pending on appeal that makes it impossible for the court to grant any effectual relief whatever to

7  a prevailing party . . . ." *Id.* (quotation omitted).

8      Here, Judge Landis granted Wilmington's motion for relief from the automatic stay in the

9  underlying bankruptcy case.  Toromanova filed a new bankruptcy petition on the eve of the sale,

10  but the sale proceeded and the property was sold.  Judge Landis subsequently granted

11  Wilmington's motion for relief from the stay in that new case.  Because Toromanova failed to

12  appeal, that order is now final.  That final order confirmed that the property is no longer part of

13  the estate in this case, so I would not be able to grant Toromanova effective relief by reinstating

14  the automatic stay should she prevail on appeal.  As a result, Toromanova's appeal is moot with

15  regard to 8160 Finch Feather Street and I thus lack jurisdiction over it.

16      Toromanova asserts that I have jurisdiction under 28 U.S.C. § 1334(e).  But I do not have

17  jurisdiction over moot appeals.  Toromanova's arguments and affidavit regarding the note and

18  deed of trust are irrelevant to this motion, as Judge Landis's subsequent order validated the sale.

19  So I grant Wilmington's motion and dismiss Toromanova's appeal of Judge Landis's order

20  granting Wilmington relief from the automatic stay.[2]

21  / / / /

22

23  _____

[2] If the appeal were not mooted by the subsequent sale of the property and Judge Landis's order granting retroactive relief, I would find that Judge Landis's order in this case was not an abuse of discretion because U.S. Bank demonstrated cause for relief.

1        **B.  Toromanova's Appeal of Order Granting U.S. Bank Retroactive Relief**

2        Toromanova also appeals from Judge Landis's order granting U.S. Bank retroactive relief

3 from the automatic stay.  She argues that Judge Landis admitted inadmissible hearsay evidence

4 and abused his discretion by ordering relief from the stay.  U.S. Bank responds that the deed of

5 trust and note were properly admitted as self-authenticating documents and that Judge Landis did

6 not abuse his discretion because Toromanova serially files bankruptcy petitions to stay or stall

7 foreclosure proceedings.  Toromanova replies that U.S. Bank served her with an "illegible"

8 response brief that was printed with two brief pages per printed page.

9        *1.  Evidentiary objection*

10       I review the bankruptcy court's evidentiary rulings for abuse of discretion. *Latman v.*

11 *Burdette*, 366 F.3d 774, 786 (9th Cir. 2004), *as amended* (June 8, 2004), *and abrogated on other*

12 *grounds by Law v. Siegel*, 571 U.S. 415 (2014).  However, I need not address evidentiary

13 objections that were not raised below. *In re Renovizor's, Inc.*, 282 F.3d 1233, 1237 n.1 (9th Cir.

14 2002).

15       Toromanova argues that the bankruptcy court admitted "inadmissible hearsay." ECF No.

16 13 at 6.  She points to a section of U.S. Bank's motion below and appears to argue that by

17 granting the motion, Judge Landis violated the rules of evidence prohibiting hearsay and

18 requiring authentication and personal knowledge. *Id.* at 7-8 (citing Fed. R. Evid. 602, 802).

19 Toromanova does not analyze how, or identify where in the record, Judge Landis abused his

20 discretion.  Although Toromanova raised evidentiary issues in opposition to Wilmington's

21 motions, she did not raise any evidentiary objections in her opposition to U.S. Bank's motion for

22 retroactive relief, her motion to vacate the order granting U.S. Bank's motion for retroactive

23 relief, her requests for judicial notice, or the hearing conducted on the motions. ECF No. 22-2 at

109-21, 130-55, 173-80, 186-94, 198-222.  Because Toromanova's evidentiary objection was not raised below, I decline to address it.

        2. *Substantive objection*

I review "[a] decision [to] retroactively [] lift the automatic stay . . . for an abuse of discretion." *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997).  "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992).  A bankruptcy judge may grant relief for "cause," but must balance the equites to determine whether retroactive relief is justified. 11 U.S.C. § 362(d)(1); *In re Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055.  Bankruptcy judges consider a number of factors, including the number of filings, whether the circumstances indicate an intention to delay or hinder creditors, and the debtor's good faith, among others. *In re Fjeldsted*, 293 B.R. 12, 24–25 (9th Cir. B.A.P. 2003).

At the hearing on U.S. Bank's motion, Judge Landis balanced the equities to determine that U.S. Bank had demonstrated cause for retroactive relief from the automatic stay. ECF No. 22-2 at 147-52.  In making this finding, Judge Landis described Toromanova's "habitual filings designed to keep the secured creditor in this particular case from gaining access to its collateral." *Id.* at 151.  Indeed, Toromanova conceded at the hearing that she filed previous bankruptcy petitions to "stall or stay" foreclosure proceedings. *Id.* at 146.  Judge Landis's decision to grant U.S. Bank retroactive relief from the automatic stay was not an abuse of discretion under these circumstances.  I therefore affirm his order.

/ / / /

/ / / /

/ / / /

**III.    CONCLUSION**

I THEREFORE ORDER that appellee Wilmington Savings Fund Society, FSB's motion to dismiss **(ECF No. 35) is GRANTED**.  Appellant Toromanova's appeal is dismissed as moot with respect to Wilmington.

I FURTHER ORDER that the bankruptcy court's order granting U.S. Bank retroactive relief from the automatic stay **is AFFIRMED**.

DATED this 27th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE